PAUL L. HOLCOMBE, PLAINTIFF-APPELLEE, v. WESTERN UNION TELEGRAPH COMPANY, DEFENDANT-APPELLANT.

Submitted May 27, 1932—Decided October 17, 1932.

For the defendant-appellant, *Edwards, Smith & Dawson* (*Edwin F. Smith* and *Francis R. Stark*, of counsel.)

For the plaintiff-appellee, *Ryman Herr*.

PER CURIAM.

This is an appeal from a judgment in favor of the plaintiff in an action of ejectment tried at the Hunterdon Circuit before Judge Eldredge, sitting without a jury, who filed the following conclusions:

"On October 23d, 1929, the plaintiff filed his complaint in the Supreme Court to recover from the defendant possession of a certain strip of land located in the township of West Amwell, Hunterdon county, of which possession he alleges the defendant wrongfully deprives him by the erection of certain poles, wires, and so forth, thereon, and he demands damages in the sum of $1,000. The defendant, by its answer filed November 14th, 1929, denied the truth of the matters contained in the complaint. The plaintiff moved to strike the defendant's answer, and after oral argument, the case was submitted to the court on a stipulation of facts, which, briefly stated, are as follows:

"Prior to January 3d, 1929, and on that said day, the plaintiff was the owner of a certain tract of land situate in the township of West Amwell, Hunterdon county, and fronting on what was formerly known as the old York road and presently known as Ringoes to Mt. Airy road. For many years last past the defendant, under the authority of law, has maintained and operated a line of poles, with wires thereon, running along the side of said road and opposite the property of the plaintiff. The legislature, by an act entitled, 'An act to establish a state highway system and to provide for the improvement, reconstruction, resurfacing, maintenance, repair and regulation of the use thereof (Revision of 1928),' established route 29 as a part of the highway system of the State of New Jersey, and the state highway commission, at a meeting held January 3d, 1929, adopted a resolution approving the plans for the improvement of said route 29, section 5, and among other things, determined 'to acquire by purchase or condemnation in the name of the State of New Jersey for public use in the construction of said highway all lands and premises required for such purpose as indicated on general property key map for the above mentioned section.' Route 29, section 5, as shown upon the map referred to in the above mentioned resolution, departs from the old road and proceeds on a curve to the north and re-enters the old road quite some distance to the east. The new portion of the said road passes through the premises owned by the plaintiff and is the land for which possession is sought in the plaintiff's complaint. On February 7th, 1929, the state highway commission took possession of the land in question and began the construction of the new road. In May, 1929, the said highway commission, through its engineer, in writing, offered to purchase from the plaintiff the portion of route 29, section 5, which passed over and through the property of the plaintiff, but no agreement was reached. In the month of June, 1929, the defendant company, under permission of the state highway commission, its officers or agent, but without the permission and against the wishes of the plaintiff, entered upon the lands so taken by the state highway com-

mission and set thereon three telegraph poles and attached wires thereto. On March 13th, 1930, the state highway commission filed a petition for condemnation of the land in question, a part of which petition reads as follows: 'And your said petitioner * * * has determined to acquire in the name of the State of New Jersey, as per resolution adopted by the state highway commission at a meeting of the said commission held on the 23d day of April, A. D. 1929, all that certain lot, tract or parcel of land and premises situate, lying and being in the township of West Amwell, in the county of Hunterdon and State of New Jersey, and more particularly described as follows: (then follows a description of the land in question).' In pursuance of the action taken by the highway commission, commissioners were duly appointed 'to view the land and property as set forth in said petition * * * and to make a just and equitable appraisement of the value of the same and assessment of the amount to be paid by said petitioner for the land and property and damage by reason of the taking of the same for public use by the State of New Jersey.' The commissioners duly qualified and after considering the matter, filed their report in which they said that they 'do report that such just and equitable appraisement of the value of the land and property and damage by reason of the taking thereof is the sum of $1,150.'

"It is to be noted that the defendant, with the consent of the state highway commission, but without any authority from the plaintiff, erected its poles, wires, and so forth, upon the land in question, and whatever rights the said defendant may have to occupy the land over which the new highway runs are dependent upon the title which the state highway commission acquired. It is the allegation of the defendant that the highway commission acquired a fee for the property taken, and that the plaintiff therefore has no further interest in the land upon which the poles are erected. To this the plaintiff replies that the highway commission did not and could not take a fee, and that hence he is still the owner of the fee in the land and his action will therefore lie.

"The act of 1927 in force at the time the possession of

the land in question was taken and when the suit was begun provides that the state highway commission shall have power 'to widen, straighten and regrade any state highway and to acquire any lands or rights therein by gift, devise, purchase or by condemnation, according to the procedure as contained in an act entitled, "An act to to regulate the ascertainment and payment of compensation for property condemned and taken for public use.' " The said act further provides that the state highway commission may take possession of the land to be acquired in advance of making compensation therefor.

"So far as the stipulation states, there is nothing to show the character of the estate attempted to be taken by the highway commission, but that fact appears to be immaterial, in view of the decision of our Supreme Court in the case of Frelinghuysen against the state highway commission, handed down in the January term, 1930. In that case the court said that 'independently of express authority given by the constitution, private property can be taken only for public use and the legislature cannot authorize a taking for strictly private use even upon making compensation. The necessity that the use shall be public excludes the idea that property may be taken under semblance of public use and ultimately conveyed and appropriated to private use. * * * Such we conceive to be the law of our own state. The present constitution provides in article 1, section 16, that 'private property shall not be taken for public use, without just compensation.' This is a recognition of a legislative power to take private property for public use, but is far from giving authority to take such property for other than the public use. When the state takes the property of its citizens for highway purposes, it acquires an easement only, and it would seem it is empowered to take only so much of the title as is essential to the public use authorized.'

"In the light of that decision, the state did not and could not have taken more than an easement in the land condemned. It follows then that the fee to the land remains in the plaintiff Holcombe and any grant or permission given by the state highway commission to the defendant company would not

affect his rights. Counsel for the defendant in his brief suggests that the Frelinghuysen decision has been appealed, and that the appeal is now pending in our Court of Errors and Appeals, and further that the legislature of 1930 passed chapter 241 of the laws of that year recognizing the right of the state highway commission to take a fee by condemnation, and passed also chapter 191 of the laws of the same year providing that 'the state highway commission shall take the fee in lands acquired through condemnation.'

"The court does not consider that either of these acts have any effect upon the present case. In the first place, they were passed subsequent to the taking of the land in question and the beginning of the suit; and in the second place, if the reasoning of the court in the Frelinghuysen case be sound, they cannot change the situation. It is to be noted that the court in the Frelinghuysen case bases its decision not only upon an interpretation of the legislative acts respecting the powers of the highway commission, but upon constitutional grounds. In view of that fact, the interpretation of chapter 241 of the laws of 1930 by counsel for the defendant, cannot be sound, and the provision of chapter 191 of the laws of the same year above quoted is unconstitutional.

"With respect to the suggestion of counsel for the defendant that disposition of the matter be postponed until the Court of Errors and Appeals passes upon the decision of the Supreme Court in the Frelinghuysen case, it may be said that so far as this court is concerned, the Frelinghuysen case is law until reversed and the plaintiff is entitled to have his cause promptly disposed of.

"An order will therefore be made striking the defendant's answer."

At the time of this decision the case of *Frelinghuysen* v. *State Highway Commission,* 107 *N. J. L.* 218, had not been decided by this court. 108 *Id.* 403.

We have since had before us a number of cases involving questions somewhat similar to those here raised. *Bentley* v. *Newark,* 108 *N. J. L.* 317; *Bachman* v. *Newark, Ibid.* 395, and *Laurel Garden Corp.* v. *New Jersey Bell Telephone Co.,* 109 *Id.* 171.

Our examination of Judge Eldredge's opinion, in the light of our later decisions, leads us to an affirmance.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 13.

*For reversal*—None.